UNITED STATES DISTRICT COURT
OF MASSACHUSETTS

)
XURUI DENG, a/k/a SHERRY YOUNG, )
)
Plaintiff, )
v. ) C.A. NO.:
)
METROPOLITAN LIFE INSURANCE )
COMPANY (a/k/a METLIFE), )
) MAGISTRATE JUDGE Bowler
Defendant. )
)

RECEIPT # 60140
AMOUNT $150
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. ToM
DATE 11/16/04

**NOTICE OF REMOVAL**

TO:   Civil Clerk's Office
      Middlesex County Superior Court
      40 Thorndike Street
      Cambridge, MA 02141

      Chief Judge and Judges of the United States
      District Court for the District of Massachusetts

      Clerk's Office
      United States District Court
      District of Massachusetts
      1 Court House Way
      Boston, MA 02210

      James F. Ring
      Chu, Ring & Hazel LLP
      49 Melcher Street
      Boston, MA 02210

Pursuant to 28 U.S.C. §1441 and 1446, Defendant Metropolitan Life Insurance

Company ("MetLife") files this Notice of Removal of this Civil Action entitled <u>Xurui

Deng, a/k/a v. Metroploitan Life Insurance Company (a/k/a METLIFE)</u>, Civil Action

No.: 04-3952, from the Superior Court, Middlesex County, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts.

In support of this Notice of Removal, Defendant, through its attorneys, states as follows:

1. As appears from the docket, files and records of the Superior Court, Middlesex County, this action was commenced on or about October 8, 2004. Plaintiff's attorney served Defendant, MetLife. The Summons and Complaint were received by MetLife no earlier than October 25, 2004. Copies of the Summons and Complaint are attached to this Notice of Removal as Exhibit "A."

2. Plaintiff asserts that she is a resident of Newton, Massachusetts. (Complaint, Paragraph 2).

3. MetLife was at the time of the commencement of this action, and continues to be, an insurance company incorporated under the laws of the State of New York, with its principal place of business in the State of New York.

4. This is a civil action alleging a knowing and willful breach of obligations owed by the Defendant to the Plaintiff under M.G.L. c. 93A and 176 D, to pay the entire amount of her husband's life insurance policy issued by MetLife, policy number 000 176 694 ER.

Jurisdiction in the Federal Court is founded on complete diversity of citizenship between Plaintiff and Defendant under 28 U.S.C. §1332. Plaintiff has claimed entitlement to the life insurance proceeds of the Policy in the amount of FOUR HUNDRED THOUSAND DOLLARS AND ZERO CENTS ($400,000.00). Plaintiff asserts in COUNT I, moneys due and owed, COUNT II breach of contract and

COUNT III violation of MGL 93A and 176D. Complaint, Paragraphs 4,13,16,19 and Plaintiff's "Prayer for Relief". In Plaintiff's July 7th, 2004 Demand letter (attached to Plaintiff's Complaint, Exhibit "A"), Plaintiff alleges that Shuangi Zhang died on October 10, 2001 and Plaintiff applied for her insurance benefits on October 24, 2001. Plaintiff alleges that, "Other than brief correspondence from time to time, you have failed to act reasonably prompt upon communications with respect to my clients claim. [Further alleges]…you [MetLife] have refused to pay her [Plaintiff's] claim without conducting a reasonable investigation upon all available information.

6.  This Notice of Removal is filed within thirty days of receipt of the Summons and Complaint in this action by Defendant and is within the time period required by law, 28 U.S.C. §1446(b).

7.  Written notice of the filing of this Notice of Removal will be given to the adverse parties as required by law.

**WHEREFORE**, MetLife requests that this action be removed from the Superior Court, Middlesex County, Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts.

Defendant,

METROPOLITAN LIFE INSURANCE COMPANY,

By Its Attorneys,

_____
James J. Ciapciak (BBO # 552328)
CIAPCIAK & ASSOCIATES, P.C.
99 Access Road
Norwood, MA 02062
Tel: (781) 255-7401
Fax: (781) 255-7402

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served by mail upon Counsel of Record on November 11, 2004.

_____
James J. Ciapciak

4

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

### COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-3952

Xurui Deng, a/k/a Sherry Young, Plaintiff(s)

v.

Metropolitan Life Insurance Company (a/k/a Metlife), Defendant(s)

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon James F. Ring, plaintiff's attorney, whose address is 49 Melcher Street, Boston, MA 02210, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 40 Thorndike Street, Cambridge, MA 02141 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Cambridge the 8th day of October, in the year of our Lord 2004.

*Edward J Sullivan*
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                              SUPERIOR COURT
                                                            Civil Action No.
                                                            04-3952

XURUI DENG, a/k/a SHERRY YOUNG,  )
                                 )
    Plaintiff                    )
                                 )
v.                               )
                                 )
METROPOLITAN LIFE INSURANCE      )
COMPANY (a/k/a METLIFE)          )
                                 )
    Defendant                    )



FILED IN THE OFFICE OF THE CLERK OF THE COURTS FOR THE COUNTY OF MIDDLESEX
OCT 08 2004
CLERK

## COMPLAINT

### Nature of the Action

1) This is an action for monetary relief arising out of the Defendant's failure to pay benefits under a life insurance policy and failure to meet obligations owed to the Plaintiff in connection with same.

### Parties

2) The Plaintiff, Xurui Deng, also known as Sherry Young (hereinafter "the Plaintiff") is an individual with a primary residence at 16 Rustic Street, Newton, Massachusetts.

3) The Defendant, Metropolitan Life Insurance Company, a/k/a Metlife (hereinafter "the Defendant") is, upon information and belief, a corporation or other business entity doing business within the commonwealth as a life insurance company, with a principal place of business at 700 Quaker Lane in Warwick Rhode Island.

4) In or around September of 2001, the Plaintiff and her late husband, Shuangxi Zhang, entered into, and paid for, a life insurance contract with the Defendant (the "Policy"), designated by the Defendant as policy number 000 176 694 ER, under which the Defendant agreed, *inter alia*, to pay four hundred thousand dollars ($400,000.00) to the Plaintiff in the event of her husband's death.

5) The Plaintiff's husband, Shuangxi Zhang, died on October 10, 2001.

6) The Plaintiff submitted a claim under the policy to the Defendant in connection with her husband's death.

7) The Defendant acknowledged receipt of the claim and represented to the Plaintiff that it would process said claim and get back to her in due course.

8) As of the date upon which this action was filed, the Defendant had failed to deny or pay the claim, all to the Plaintiff's great detriment and harm.

9) On July 7, 2003, the Plaintiff caused a demand letter under Massachusetts General Laws Chapter 93A and Massachusetts General Laws Chapter 176D to be sent to the Defendant via certified mail. A true copy of that demand letter has been attached hereto.

10) As of the date upon which this action was filed, the Defendant had failed to respond in any way to the above-referenced demand letter.

11) All conditions precedent to the commencement of this action have been performed or have occurred or have been excused by reason of the conduct of the Defendant, as complained of herein.

COUNT I
(For Moneys Due and Owing)

12) The allegations set forth in paragraphs one through eleven above are hereby repeated as if expressly set forth herein.

13) By reason of the matters referred to herein, there are moneys due and owing to the Plaintiff from the Defendant.

14) For these and other reasons as may be shown at trial, the Plaintiff is entitled to an award against the Defendant for moneys due and owing.

## COUNT II
### (For Breach of Contract)

15) The allegations set forth in paragraphs one through eleven above are hereby repeated as if expressly set forth herein.

16) The conduct of the Defendant, as complained of herein, constitutes a breach of contractual obligations owed by the Defendant to the Plaintiff.

17) For these and other reasons as may be shown at trial, the Plaintiff is entitled to relief against the Defendant for breach of contract.

## COUNT III
### (For Violations of G.L.c. 93A and 176D)

18) The allegations set forth in paragraphs one through eleven above are hereby repeated as if expressly set forth herein.

19) The conduct of the Defendant, as complained of herein, and as described in the letter attached hereto as Exhibit A, constitutes a knowing and willful breach of obligations owed by the Defendant to the Plaintiff under Massachusetts General Laws Chapter 93A and Massachusetts General Laws Chapter 176D.

20) For these and other reasons as may be shown at trial, the Plaintiff is entitled to relief against the Defendant for violations of Massachusetts General Laws Chapter 93A and Massachusetts General Laws Chapter 176D.

PRAYER FOR RELIEF

WHEREFORE the Plaintiff respectfully requests that this Court enter judgment in favor of the Plaintiff and against the Defendant:

1. Awarding the Plaintiff all damages sustained by reason of the conduct complained of herein, including Plaintiff's costs and reasonable attorneys' fees in this action;

2. Awarding the Plaintiff up to three times the amount of her actual damages, along with reasonable attorneys' fees, pursuant to Count III above, and

3. Awarding the Plaintiff such other and further relief as this Court may deem appropriate.

Respectfully Submitted
By her attorneys,

James F. Ring (#542569)
CHU, RING & HAZEL LLP
49 Melcher Street
Boston, MA 02210
Telephone (617) 443-9800

4

**BROWN & BROWN, P.C.**

COUNSELLORS-AT-LAW
110 GREAT ROAD
BEDFORD, MASSACHUSETTS 01730

JOHN F. BROWN - (1891-1959)

NATHANIEL K. BROWN
MARK S. RAFFA
JAMES M. DONOVAN
AMY E. HUBBARD
PAMELA J. BROWN *

* ALSO ADMITTED IN NEW HAMPSHIRE

TELEPHONE (781) 275-7267
TELECOPIER (781) 275-6940
WEBSITE: www-brown-brown-pc-com

Email: jdonovan@brown-brown-pc.com

July 7, 2003

**CERTIFIED MAIL RETURN RECEIPT REQUESTED**
**ARTICLE #7002 2410 0000 6915 7671**
Metlife
700 Quaker Lane
P.O. Box 330
Warwick, RI 02887-0330

Attention: Shelby Lyons

Re:   Insured: Shuangxi Zhang
      Policy No. 000 176 694 ER
      Application No. 573930896MA

Dear Ms. Lyons:

As you are aware, this office continues to represent the interests of Sherry Young in connection with the above-referenced claim for life insurance benefits.

This is a demand for settlement pursuant to Massachusetts General Laws Chapter 93A and Massachusetts General Laws Chapter 176D. Mass. Gen. L. ch 93A is directed as unfair settlement practices and Mass. Gen. L. ch 176D applies to insurance claims practices. It is our position that the failure of Metropolitan Life Insurance Company to pay our client's claim for life insurance benefits is a violation of Mass. Gen. L. ch 176D, §3 (9) (b)(d) and (f) by "failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies", refusing to pay claims without conducting a reasonable investigation based upon all available information", and "failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear."

Mass. Gen. L. ch. 93A, §9, allows claimants to file suit under Mass. Gen. L. ch. 93A for an insurance company's unfair claims practices under Mass. Gen. L. ch. 176D, §3 (9). The act subjects defendants to potential exposure for double or treble damages, attorney's fees and related costs. "The promotion of reasonable settlement offers is a prime goal of Mass. Gen. L. ch. 93A, §§9 and 11." International Fidelity Insurance Company v. Wilson, 387 Mass. 841, 857 (1983). "Indeed, the conduct proscribed by the statute is as much the failure to make a reasonable settlement offer as it is the substantive violation of Mass. Gen. L. ch. 93A. Multiple damages are 'the appropriate punishment' for forcing plaintiffs to litigate clearly valid claims." International Fidelity Insurance Company, Id. at 857. "The standard is objective and requires the

Exhibit A (pg 1 of 2)

Metlife                                                                                              July 7, 2003
Re: Shuangxi Zhang                                                                                    Page 2

     defendant to investigate the facts and consider the legal precedents." Heller v. Silverbranch, 376 Mass. 621, 628 (1978).

     Mass. Gen. L. ch. 93A allows thirty (30) days from receipt of the demand letter for the insurance company to respond to the claimant's demand for settlement. Mass. Gen. L. ch. 93A's provisions for multiple damages is an attempt by the legislature to promote pre-litigation settlement by making it unprofitable for defendants to either ignore the plaintiff's request for relief or to bargain. Mass. Gen. L. ch. 93A, §9 (3); Heller v. Silverbranch, Id. at 627. It should also be noted that the burden is on the defendant to show the reasonableness of any settlement offer made in response to the plaintiff's demand. Patry v. Harmony Homes, Inc., 10 Mass. App. Ct. 1,7 (1980).

     Mass. Gen. L. ch. 176D, §3 (9) (f) imposes an obligation on an insurer to promptly and equitably settle insurance claims after liability has become reasonably clear. In addition, an insurer has an obligation to refrain from refusing to pay claims without conducting a reasonable investigation based upon all available information, and to provide a reasonable explanation of the basis of the insurance policy in relation to the facts or applicable law for denial of a claim or the offer of a compromised settlement. Mass. Gen. L. ch. 176D, §3 (9) (d). The insurer also has an obligation to settle valid claims. Murach v. Mass. Bonding Insurance Co., 339 Mass. 184 (1959).

     Shuangxi Zhang died on October 10, 2001. Ms. Young applied for insurance benefits on October 24, 2001. Other than brief correspondence from time to time, you have failed to act reasonably promptly upon communications with respect to my client's claim. In essence, you have refused to pay her claim without conducting a reasonable investigation based upon all available information.

     If you fail to pay the face amount of the policy and a Judge or Jury awards my client's claim, you will have breached your duty to settle this case, thereby subjecting your company and your insured to additional litigation.

     If additional information is needed, please do not hesitate to contact me. Please safeguard this letter for your records as it may be introduced into evidence at trial.

                                                Very truly yours,

                                                Brown & Brown, P.C.


                                                James M. Donovan

JMD/rlw
cc: client

BROWN & BROWN, P.C. COUNSELLORS AT LAW

Exhibit A (pg 2 of 2)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _Deng v. MetLife_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☒   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐   V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐    NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _James J. Giapciak_
ADDRESS _99 Access Road, Norwood MA_
TELEPHONE NO. _782-255-7401_

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

XURUI DENG, a/k/a SHERRY YOUNG

**DEFENDANTS**

METROPOLITAN LIFE INSURANCE COMPANY

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

James F. Ring
Chu, Ring & Hazel, LLP
49 Melcher St., Boston, MA 02210

Attorneys (If Known)

James J. Ciapciak BBO No: 552328
Ciapciak & Associates, P.C.
99 Access Rd., Norwood, MA 02062
(781) 255-7401

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☒ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Breach of ctract and violation of M.G.L. c. 93A and 176D

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: November 15, 2004

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

2004 NOV 15  P 4: 18

DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| XURUI DENG, a/k/a SHERRY YOUNG, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>METROPOLITAN LIFE INSURANCE )<br>COMPANY (a/k/a METLIFE), )<br>)<br>Defendant. )<br>) | C.A. NO.: |

## LISTING OF DOCUMENTS

1. Notice of Removal (Federal);

2. Civil Action Cover Sheet; and

3. Category Sheet.

Defendant,
METROPOLITAN LIFE INSURANCE
COMPANY,

By Its Attorneys,

_____
James J. Ciapciak (BBO # 552328)
CIAPCIAK & ASSOCIATES, P.C.
99 Access Road
Norwood, MA 02062
(781) 255-7401

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served, by mail, upon Counsel of Record on November 16, 2004.

_____
James J. Ciapciak