COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
Civil Action No.

04-3952

XURUI DENG, a/k/a SHERRY YOUNG,

    Plaintiff

v.

METROPOLITAN LIFE INSURANCE COMPANY (a/k/a METLIFE)

    Defendant



FILED IN THE OFFICE OF THE CLERK OF THE COURTS FOR THE COUNTY OF MIDDLESEX
OCT 08 2004
CLERK

## COMPLAINT

### Nature of the Action

1) This is an action for monetary relief arising out of the Defendant's failure to pay benefits under a life insurance policy and failure to meet obligations owed to the Plaintiff in connection with same.

### Parties

2) The Plaintiff, Xurui Deng, also known as Sherry Young (hereinafter "the Plaintiff") is an individual with a primary residence at 16 Rustic Street, Newton, Massachusetts.

3) The Defendant, Metropolitan Life Insurance Company, a/k/a Metlife (hereinafter "the Defendant") is, upon information and belief, a corporation or other business entity doing business within the commonwealth as a life insurance company, with a principal place of business at 700 Quaker Lane in Warwick Rhode Island.

4) In or around September of 2001, the Plaintiff and her late husband, Shuangxi Zhang, entered into, and paid for, a life insurance contract with the Defendant (the "Policy"), designated by the Defendant as policy number 000 176 694 ER, under which the Defendant agreed, *inter alia*, to pay four hundred thousand dollars ($400,000.00) to the Plaintiff in the event of her husband's death.

5) The Plaintiff's husband, Shuangxi Zhang, died on October 10, 2001.

6) The Plaintiff submitted a claim under the policy to the Defendant in connection with her husband's death.

7) The Defendant acknowledged receipt of the claim and represented to the Plaintiff that it would process said claim and get back to her in due course.

8) As of the date upon which this action was filed, the Defendant had failed to deny or pay the claim, all to the Plaintiff's great detriment and harm.

9) On July 7, 2003, the Plaintiff caused a demand letter under Massachusetts General Laws Chapter 93A and Massachusetts General Laws Chapter 176D to be sent to the Defendant via certified mail. A true copy of that demand letter has been attached hereto.

10) As of the date upon which this action was filed, the Defendant had failed to respond in any way to the above-referenced demand letter.

11) All conditions precedent to the commencement of this action have been performed or have occurred or have been excused by reason of the conduct of the Defendant, as complained of herein.

## COUNT I
### (For Moneys Due and Owing)

12) The allegations set forth in paragraphs one through eleven above are hereby repeated as if expressly set forth herein.

13) By reason of the matters referred to herein, there are moneys due and owing to the Plaintiff from the Defendant.

14) For these and other reasons as may be shown at trial, the Plaintiff is entitled to an award against the Defendant for moneys due and owing.

## COUNT II
### (For Breach of Contract)

15) The allegations set forth in paragraphs one through eleven above are hereby repeated as if expressly set forth herein.

16) The conduct of the Defendant, as complained of herein, constitutes a breach of contractual obligations owed by the Defendant to the Plaintiff.

17) For these and other reasons as may be shown at trial, the Plaintiff is entitled to relief against the Defendant for breach of contract.

## COUNT III
### (For Violations of G.L.c. 93A and 176D)

18) The allegations set forth in paragraphs one through eleven above are hereby repeated as if expressly set forth herein.

19) The conduct of the Defendant, as complained of herein, and as described in the letter attached hereto as Exhibit A, constitutes a knowing and willful breach of obligations owed by the Defendant to the Plaintiff under Massachusetts General Laws Chapter 93A and Massachusetts General Laws Chapter 176D.

20) For these and other reasons as may be shown at trial, the Plaintiff is entitled to relief against the Defendant for violations of Massachusetts General Laws Chapter 93A and Massachusetts General Laws Chapter 176D.

### Prayer for Relief

WHEREFORE the Plaintiff respectfully requests that this Court enter judgment in favor of the Plaintiff and against the Defendant:

1. Awarding the Plaintiff all damages sustained by reason of the conduct complained of herein, including Plaintiff's costs and reasonable attorneys' fees in this action;

2. Awarding the Plaintiff up to three times the amount of her actual damages, along with reasonable attorneys' fees, pursuant to Count III above, and

3. Awarding the Plaintiff such other and further relief as this Court may deem appropriate.

Respectfully Submitted
By her attorneys,

James F. Ring (#542569)
CHU, RING & HAZEL LLP
49 Melcher Street
Boston, MA 02210
Telephone (617) 443-9800

JOHN F. BROWN - (1891-1959)

NATHANIEL K. BROWN
MARK S. RAFFA
JAMES M. DONOVAN
AMY E. HUBBARD
PAMELA J. BROWN *

* ALSO ADMITTED IN NEW HAMPSHIRE

**BROWN & BROWN, P.C.**
COUNSELLORS-AT-LAW
110 GREAT ROAD
BEDFORD, MASSACHUSETTS 01730

TELEPHONE (781) 275-7267
TELECOPIER (781) 275-6940
WEBSITE: www-brown-brown-pc-com
Email: jdonovan@brown-brown-pc.com

July 7, 2003

**CERTIFIED MAIL RETURN RECEIPT REQUESTED**
**ARTICLE #7002 2410 0000 6915 7671**
Metlife
700 Quaker Lane
P.O. Box 330
Warwick, RI 02887-0330

Attention: Shelby Lyons

Re:   Insured: Shuangxi Zhang
      Policy No. 000 176 694 ER
      Application No. 573930896MA

Dear Ms. Lyons:

As you are aware, this office continues to represent the interests of Sherry Young in connection with the above-referenced claim for life insurance benefits.

This is a demand for settlement pursuant to Massachusetts General Laws Chapter 93A and Massachusetts General Laws Chapter 176D. Mass. Gen. L. ch 93A is directed as unfair settlement practices and Mass. Gen. L. ch 176D applies to insurance claims practices. It is our position that the failure of Metropolitan Life Insurance Company to pay our client's claim for life insurance benefits is a violation of Mass. Gen. L. ch 176D, §3 (9) (b)(d) and (f) by "failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies", refusing to pay claims without conducting a reasonable investigation based upon all available information", and "failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear."

Mass. Gen. L. ch. 93A, §9, allows claimants to file suit under Mass. Gen. L. ch. 93A for an insurance company's unfair claims practices under Mass. Gen. L. ch. 176D, §3 (9). The act subjects defendants to potential exposure for double or treble damages, attorney's fees and related costs. "The promotion of reasonable settlement offers is a prime goal of Mass. Gen. L. ch. 93A, §§9 and 11." International Fidelity Insurance Company v. Wilson, 387 Mass. 841, 857 (1983). "Indeed, the conduct proscribed by the statute is as much the failure to make a reasonable settlement offer as it is the substantive violation of Mass. Gen. L. ch. 93A. Multiple damages are 'the appropriate punishment' for forcing plaintiffs to litigate clearly valid claims." International Fidelity Insurance Company, Id. at 857. "The standard is objective and requires the

Exhibit A (pg 1 of 2)

Metlife
Re: Shuangxi Zhang

July 7, 2003
Page 2

defendant to investigate the facts and consider the legal precedents." Heller v. Silverbranch, 376 Mass. 621, 628 (1978).

Mass. Gen. L. ch. 93A allows thirty (30) days from receipt of the demand letter for the insurance company to respond to the claimant's demand for settlement. Mass. Gen. L. ch. 93A's provisions for multiple damages is an attempt by the legislature to promote pre-litigation settlement by making it unprofitable for defendants to either ignore the plaintiff's request for relief or to bargain. Mass. Gen. L. ch. 93A, §9 (3); Heller v. Silverbranch, Id. at 627. It should also be noted that the burden is on the defendant to show the reasonableness of any settlement offer made in response to the plaintiff's demand. Patry v. Harmony Homes, Inc., 10 Mass. App. Ct. 1, 7 (1980).

Mass. Gen. L. ch. 176D, §3 (9) (f) imposes an obligation on an insurer to promptly and equitably settle insurance claims after liability has become reasonably clear. In addition, an insurer has an obligation to refrain from refusing to pay claims without conducting a reasonable investigation based upon all available information, and to provide a reasonable explanation of the basis of the insurance policy in relation to the facts or applicable law for denial of a claim or the offer of a compromised settlement. Mass. Gen. L. ch. 176D, §3 (9) (d). The insurer also has an obligation to settle valid claims. Murach v. Mass. Bonding Insurance Co., 339 Mass. 184 (1959).

Shuangxi Zhang died on October 10, 2001. Ms. Young applied for insurance benefits on October 24, 2001. Other than brief correspondence from time to time, you have failed to act reasonably promptly upon communications with respect to my client's claim. In essence, you have refused to pay her claim without conducting a reasonable investigation based upon all available information.

If you fail to pay the face amount of the policy and a Judge or Jury awards my client's claim, you will have breached your duty to settle this case, thereby subjecting your company and your insured to additional litigation.

If additional information is needed, please do not hesitate to contact me. Please safeguard this letter for your records as it may be introduced into evidence at trial.

Very truly yours,

Brown & Brown, P.C.

James M. Donovan

JMD/rlw
cc: client

BROWN & BROWN, P.C. COUNSELLORS AT LAW

Exhibit A (pg 2 of 2)

| CIVIL ACTION COVER SHEET | 04-3952 H | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|
**PLAINTIFF(S)**
Xurui Deng, a/k/a Sherry Young

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** 617-443-9800
James F. Ring                    ext. 225
Chu, Ring & Hazel LLP, 49 Melcher St.
[illegible] 2563  Boston, MA 02210

**DEFENDANT(S)**
Metropolitan Life Insurance Company

**ATTORNEY** (if known)

### Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Life Insurance Contract G.L.c. 93A | (F) | ( ) Yes ( X ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses .................................................. $..........
  2. Total Doctor expenses ................................................... $..........
  3. Total chiropractic expenses ............................................. $..........
  4. Total physical therapy expenses ......................................... $..........
  5. Total other expenses (describe) ......................................... $..........
                                                                   Subtotal $..........
B. Documented lost wages and compensation to date .......................... $..........
C. Documented property damages to date ..................................... $..........
D. Reasonably anticipated future medical and hospital expenses ............. $..........
E. Reasonably anticipated lost wages ....................................... $..........
F. Other documented items of damages (describe)
                                                                          $..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                          $..........
                                                                 TOTAL $..........

FILED IN THE OFFICE OF THE CLERK OF THE COURTS FOR THE COUNTY OF [illegible] OCT 08 2004 [signature] CLERK

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): This is a claim arising out of Defendant's failure to pay benefits under a life insurance policy and failure to meet obligations owed to the Plaintiff in connection with same.

                                                          TOTAL $.1,200,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record [signature]            DATE: Oct. 8, 2004

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                                                                       SUPERIOR COURT
Civil Action No.

04-3952

XURUI DENG, a/k/a SHERRY YOUNG,       )
                                      )
    Plaintiff                         )
                                      )
v.                                    )
                                      )
METROPOLITAN LIFE INSURANCE           )
COMPANY (a/k/a METLIFE)               )
                                      )
    Defendant                         )
                                      )



0963A000010/08/04CIVIL         240.00
0963A000010/08/04SUR CHARGE     15.00
0963A000010/08/04SECC           20.00

### COMPLAINT

*Nature of the Action*

1)   This is an action for monetary relief arising out of the Defendant's failure to pay benefits under a life insurance policy and failure to meet obligations owed to the Plaintiff in connection with same.

*Parties*

2)   The Plaintiff, Xurui Deng, also known as Sherry Young (hereinafter "the Plaintiff") is an individual with a primary residence at 16 Rustic Street, Newton, Massachusetts.

3)   The Defendant, Metropolitan Life Insurance Company, a/k/a Metlife (hereinafter "the Defendant") is, upon information and belief, a corporation or other business entity doing business within the commonwealth as a life insurance company, with a principal place of business at 700 Quaker Lane in Warwick Rhode Island.

4) In or around September of 2001, the Plaintiff and her late husband, Shuangxi Zhang, entered into, and paid for, a life insurance contract with the Defendant (the "Policy"), designated by the Defendant as policy number 000 176 694 ER, under which the Defendant agreed, *inter alia*, to pay four hundred thousand dollars ($400,000.00) to the Plaintiff in the event of her husband's death.

5) The Plaintiff's husband, Shuangxi Zhang, died on October 10, 2001.

6) The Plaintiff submitted a claim under the policy to the Defendant in connection with her husband's death.

7) The Defendant acknowledged receipt of the claim and represented to the Plaintiff that it would process said claim and get back to her in due course.

8) As of the date upon which this action was filed, the Defendant had failed to deny or pay the claim, all to the Plaintiff's great detriment and harm.

9) On July 7, 2003, the Plaintiff caused a demand letter under Massachusetts General Laws Chapter 93A and Massachusetts General Laws Chapter 176D to be sent to the Defendant via certified mail. A true copy of that demand letter has been attached hereto.

10) As of the date upon which this action was filed, the Defendant had failed to respond in any way to the above-referenced demand letter.

11) All conditions precedent to the commencement of this action have been performed or have occurred or have been excused by reason of the conduct of the Defendant, as complained of herein.

## COUNT I
### (For Moneys Due and Owing)

12) The allegations set forth in paragraphs one through eleven above are hereby repeated as if expressly set forth herein.

13) By reason of the matters referred to herein, there are moneys due and owing to the Plaintiff from the Defendant.

14) For these and other reasons as may be shown at trial, the Plaintiff is entitled to an award against the Defendant for moneys due and owing.

## COUNT II
### (For Breach of Contract)

15) The allegations set forth in paragraphs one through eleven above are hereby repeated as if expressly set forth herein.

16) The conduct of the Defendant, as complained of herein, constitutes a breach of contractual obligations owed by the Defendant to the Plaintiff.

17) For these and other reasons as may be shown at trial, the Plaintiff is entitled to relief against the Defendant for breach of contract.

## COUNT III
### (For Violations of G.L.c. 93A and 176D)

18) The allegations set forth in paragraphs one through eleven above are hereby repeated as if expressly set forth herein.

19) The conduct of the Defendant, as complained of herein, and as described in the letter attached hereto as Exhibit A, constitutes a knowing and willful breach of obligations owed by the Defendant to the Plaintiff under Massachusetts General Laws Chapter 93A and Massachusetts General Laws Chapter 176D.

3

20)  For these and other reasons as may be shown at trial, the Plaintiff is entitled to relief against the Defendant for violations of Massachusetts General Laws Chapter 93A and Massachusetts General Laws Chapter 176D.

### PRAYER FOR RELIEF

WHEREFORE the Plaintiff respectfully requests that this Court enter judgment in favor of the Plaintiff and against the Defendant:

1. Awarding the Plaintiff all damages sustained by reason of the conduct complained of herein, including Plaintiff's costs and reasonable attorneys' fees in this action;

2. Awarding the Plaintiff up to three times the amount of her actual damages, along with reasonable attorneys' fees, pursuant to Count III above, and

3. Awarding the Plaintiff such other and further relief as this Court may deem appropriate.

Respectfully Submitted
By her attorneys,

_____
James F. Ring (#542569)
CHU, RING & HAZEL LLP
49 Melcher Street
Boston, MA 02210
Telephone (617) 443-9800

4

JOHN F. BROWN - (1891-1959)

NATHANIEL K. BROWN
MARK S. RAFFA
JAMES M. DONOVAN
AMY E. HUBBARD
PAMELA J. BROWN *
* ALSO ADMITTED IN NEW HAMPSHIRE

**BROWN & BROWN, P.C.**
COUNSELLORS-AT-LAW
110 GREAT ROAD
BEDFORD, MASSACHUSETTS 01730

TELEPHONE (781) 275-7267
TELECOPIER (781) 275-6940
WEBSITE: www-brown-brown-pc-com
Email: jdonovan@brown-brown-pc.com

July 7, 2003

**CERTIFIED MAIL RETURN RECEIPT REQUESTED**
**ARTICLE #7002 2410 0000 6915 7671**
Metlife
700 Quaker Lane
P.O. Box 330
Warwick, RI 02887-0330

Attention: Shelby Lyons

Re:  Insured: Shuangxi Zhang
     Policy No. 000 176 694 ER
     Application No. 573930896MA

Dear Ms. Lyons:

As you are aware, this office continues to represent the interests of Sherry Young in connection with the above-referenced claim for life insurance benefits.

This is a demand for settlement pursuant to Massachusetts General Laws Chapter 93A and Massachusetts General Laws Chapter 176D. Mass. Gen. L. ch 93A is directed as unfair settlement practices and Mass. Gen. L. ch 176D applies to insurance claims practices. It is our position that the failure of Metropolitan Life Insurance Company to pay our client's claim for life insurance benefits is a violation of Mass. Gen. L. ch 176D, §3 (9) (b)(d) and (f) by "failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies", refusing to pay claims without conducting a reasonable investigation based upon all available information", and "failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear."

Mass. Gen. L. ch. 93A, §9, allows claimants to file suit under Mass. Gen. L. ch. 93A for an insurance company's unfair claims practices under Mass. Gen. L. ch. 176D, §3 (9). The act subjects defendants to potential exposure for double or treble damages, attorney's fees and related costs. "The promotion of reasonable settlement offers is a prime goal of Mass. Gen. L. ch. 93A, §§9 and 11." International Fidelity Insurance Company v. Wilson, 387 Mass. 841, 857 (1983). "Indeed, the conduct proscribed by the statute is as much the failure to make a reasonable settlement offer as it is the substantive violation of Mass. Gen. L. ch. 93A. Multiple damages are 'the appropriate punishment' for forcing plaintiffs to litigate clearly valid claims." International Fidelity Insurance Company, Id. at 857. "The standard is objective and requires the

Exhibit A (pg 1 of 2)

Metlife
Re: Shuangxi Zhang

July 7, 2003
Page 2

defendant to investigate the facts and consider the legal precedents." Heller v. Silverbranch, 376 Mass. 621, 628 (1978).

Mass. Gen. L. ch. 93A allows thirty (30) days from receipt of the demand letter for the insurance company to respond to the claimant's demand for settlement. Mass. Gen. L. ch. 93A's provisions for multiple damages is an attempt by the legislature to promote pre-litigation settlement by making it unprofitable for defendants to either ignore the plaintiff's request for relief or to bargain. Mass. Gen. L. ch. 93A, §9 (3); Heller v. Silverbranch, Id. at 627. It should also be noted that the burden is on the defendant to show the reasonableness of any settlement offer made in response to the plaintiff's demand. Patry v. Harmony Homes, Inc., 10 Mass. App. Ct. 1,7 (1980).

Mass. Gen. L. ch. 176D, §3 (9) (f) imposes an obligation on an insurer to promptly and equitably settle insurance claims after liability has become reasonably clear. In addition, an insurer has an obligation to refrain from refusing to pay claims without conducting a reasonable investigation based upon all available information, and to provide a reasonable explanation of the basis of the insurance policy in relation to the facts or applicable law for denial of a claim or the offer of a compromised settlement. Mass. Gen. L. ch. 176D, §3 (9) (d). The insurer also has an obligation to settle valid claims. Murach v. Mass. Bonding Insurance Co., 339 Mass. 184 (1959).

Shuangxi Zhang died on October 10, 2001. Ms. Young applied for insurance benefits on October 24, 2001. Other than brief correspondence from time to time, you have failed to act reasonably promptly upon communications with respect to my client's claim. In essence, you have refused to pay her claim without conducting a reasonable investigation based upon all available information.

If you fail to pay the face amount of the policy and a Judge or Jury awards my client's claim, you will have breached your duty to settle this case, thereby subjecting your company and your insured to additional litigation.

If additional information is needed, please do not hesitate to contact me. Please safeguard this letter for your records as it may be introduced into evidence at trial.

Very truly yours,

Brown & Brown, P.C.

James M. Donovan

JMD/rlw
cc: client

BROWN & BROWN, P.C. COUNSELLORS AT LAW

Exhibit A (pg 2 of 2)

MAS-20031124  
gilmanr

**Commonwealth of Massachusetts**  
**MIDDLESEX SUPERIOR COURT**  
Case Summary  
Civil Docket

11/16/2004  
03:28 PM

# MICV2004-03952
## Deng a/k/a Sherry Young v Metropolitan Life Insurance Company a/k/a MetLife

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 10/08/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 11/16/2004 | **Session** | H - Cv H (8A Cambridge) | | |
| **Origin** | 1 | **Case Type** | A99 - Misc contract | | |
| **Lead Case** | | **Track** | F | | |
| **Service** | 01/06/2005 | **Answer** | 03/07/2005 | **Rule12/19/20** | 03/07/2005 |
| **Rule 15** | 03/07/2005 | **Discovery** | 08/04/2005 | **Rule 56** | 09/03/2005 |
| **Final PTC** | 10/03/2005 | **Disposition** | 12/02/2005 | **Jury Trial** | No |

### PARTIES

**Plaintiff**  
Xurui Deng a/k/a Sherry Young  
16 Rustic Street  
Active 10/08/2004

**Private Counsel 542569**  
James F Ring  
Chu Ring & Hazel  
49 Melcher Street  
Boston, MA 02210  
Phone: 617-443-9800  
Fax: 617-443-9840  
Active 10/08/2004 Notify

**Defendant**  
Metropolitan Life Insurance Company a/k/a MetLife  
Service pending 10/08/2004

**Private Counsel 552328**  
James J Ciapciak  
Ciapciak & Associates  
99 Access Road  
Norwood, MA 02062  
Phone: 781-255-7401  
Fax: 781-255-7402  
Active 11/16/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 10/08/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 10/08/2004 | | Origin 1, Type A99, Track F. |
| 11/16/2004 | 2.0 | Case REMOVED this date to US District Court of Massachusetts by deft Metropolitan Life Insurance Co a/k/a Metlife |
| 11/16/2004 | | ABOVE ACTION THIS DAY REMOVED TO US DISTRICT COURT |