UNITED STATES DISTRICT COURT
OF MASSACHUSETTS

XURUI DENG, a/k/a SHERRY YOUNG, )
)
Plaintiff, )
v. ) C.A. NO.: 04-12421-JLT
)
METROPOLITAN LIFE INSURANCE )
COMPANY (a/k/a METLIFE), )
)
Defendant. )

## METROPOLITAN LIFE INSURANCE COMPANY'S ANSWER TO THE PLAINTIFF'S COMPLAINT

Defendant, Metropolitan Life Insurance Company ("MetLife"), responds as follows to the averments contained in the Plaintiff's Complaint:

### NATURE OF THE ACTION

1. Paragraph 1 of Plaintiff's Complaint is a statement of the nature of this action to which no response is required. To the extent that this statement may be read to aver breach of contract or other wrongdoing on the part of MetLife, it is denied.

### PARTIES

2. MetLife is without knowledge or information sufficient to admit or deny the averments set forth in Paragraph 2 of Plaintiff's Complaint.

3. MetLife is an insurance company organized under laws of the State of New York with its principal place of business in New York, New York. It is duly licensed to do business in the Commonwealth of Massachusetts.

4. Defendant states that the Policy in question speaks for itself.

5. MetLife is without knowledge sufficient to admit or deny the averments set forth in Paragraph 5 of Plaintiff's Complaint and calls upon the Plaintiff to prove the same.

6. Defendant admits the averments set forth in Paragraph 6 of Plaintiff's Complaint.

7. MetLife acknowledges that it received a claim letter from Plaintiff. The letter speaks for itself. To the extent that the averments set forth in Paragraph 7 of Plaintiff's Complaint may be read to imply breach of contract or other wrongdoing by MetLife, they are expressly denied.

8. Defendant denies the averments set forth in Paragraph 8 of Plaintiff's Complaint.

9. Defendant states that the letter speaks for itself.

10. MetLife denies the averments set forth in Paragraph 10 of Plaintiff's Complaint as stated.

11. MetLife denies the averments set forth in Paragraph 11 of Plaintiff's Complaint.

## COUNT I

12. MetLife hereby incorporates its responses to Paragraphs 1 through 11 of Plaintiff's Complaint as if fully set forth herein.

13. MetLife denies the averments set forth in Paragraph 13 of Plaintiff's Complaint.

14. MetLife denies the averments set forth in Paragraph 14 of Plaintiff's complaint.

## COUNT II

15. MetLife hereby incorporates its responses to Paragraphs 1 through 14 of Plaintiff's Complaint as if fully set forth herein.

16. MetLife denies the averments set forth in Paragraph 16 of Plaintiff's Complaint.

17. MetLife denies the averments set forth in Paragraph 17 of Plaintiff's Complaint.

## COUNT III

18. MetLife hereby incorporates its responses to Paragraphs 1 through 17 of the Complaint as if fully set forth herein.

19. MetLife denies the averments set forth in Paragraph 19 of Plaintiff's Complaint.

20. MetLife denies the averments set forth in Paragraph 20 of Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has waived her right to demand all or any portion of the claimed damages from MetLife.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped from claiming damages as set forth in its Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations and/or the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the plain and unambiguous terms of the policy.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff lacks privity of contract to sue MetLife.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy certain conditions precedent and/or subsequent required to maintain an action for benefits under the Policy.

## ADDITIONAL DEFENSES

Should an investigation reveal that Plaintiff or other potential beneficiaries bears responsibility for the Insured's death or that Plaintiff or other potential beneficiaries committed fraud to obtain right to the benefits at issue, MetLife hereby reserves the right to amend its Answer to assert that the Policy is *Void Ab Initio* and/or to

raise additional defenses based upon the exclusionary language contained in the Policy.

                      Defendant,

                      METROPOLITAN LIFE INSURANCE
                      COMPANY,

                      By its Attorneys,

                      _____
                      James J. Ciapciak (BBO #552328)
                      CIAPCIAK & ASSOCIATES, P.C.
                      Access Road
                      Norwood, MA 02062
                      Tel: (781) 255-7401
                      Fax: (781) 255-7402

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served by mail upon Counsel of Record on November 22, 2004.

                      _____
                      James J. Ciapciak