UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| XURUI DENG, a/k/a | ) | |
| SHERRY YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-12421-JLT |
| | ) | |
| METROPOLITAN LIFE | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO QUASH DEPOSITION SUBPOENA SERVED ON
SERGEANT EDWARD FORSTER RELATING TO
AN OPEN MURDER INVESTIGATION**

**INTRODUCTION**

This memorandum of law is submitted by Sergeant Edward Forster, a non-party, and member of the State Police Unit assigned to the Middlesex County District Attorney's Office, in support of his motion to quash the deposition subpoena served upon him in the above-captioned matter. The subpoena should be quashed where the plaintiff seeks Sergeant Forster's testimony regarding his investigation of the murder of Shuangi Zhang. Where the murder investigation is still open and unsolved, it is particularly important to protect the investigative methods, theories, and crime scene and investigative information, all of which are protected by the law enforcement and deliberative process privileges. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii).

-2-

## ARGUMENT

This murder remains unsolved.  Revelation of investigative techniques, interim thoughts and conclusions of investigators, sources of information, and crime scene details create a real and serious risk of revealing confidential crime scene and other information, not known to the public, that could compromise the ongoing investigation, of inhibiting frank discussions among investigators, and of chilling the willingness of potential witnesses or other persons to cooperate in the investigation.  Because of the critical public safety need to apprehend the person responsible for this crime, this Court should quash the deposition subpoena for Sergeant Forster.

### The Law Enforcement Investigative Privilege

The law enforcement investigative privilege has long been recognized and enforced as a matter of federal common law by numerous federal courts,[1] including the District of Massachusetts and other district courts in the First Circuit.  *See United States v. Cintolo*, 818 F.2d 980, 1002 (1st Cir.), *cert. denied*, 484 U.S. 913 (1987); *Association for Reduction of Violence v. Hall*, 734 F.2d 63, 65-66 (1st Cir. 1984); *Gomez v. City of Nashua*, 126 F.R.D. 432, 434 (D.N.H. 1989); *Kattar v. Doe*, 1987 WL 11146, *1 (D. Mass., Jan. 27, 1987).  The law enforcement investigative privilege exists to prevent "the harm to law enforcement efforts which

---

[1]*See, e.g., Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1125 (7th Cir. 1997); *United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995); *In re Dept. of Investigation*, 856 F.2d 481, 484 (2d Cir. 1988) (records of special investigative commission protected by law enforcement privilege and not subject to subpoena in criminal proceeding); *Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984) (civil litigant subpoenaed CFTC and SEC investigative documents; remanded for application of law enforcement privilege); *United States v. Winner*, 641 F.2d 825, 831 (10th Cir. 1981) (remanded for application of law enforcement investigatory privilege); *Black v. Sheraton Corp. of America*, 564 F.2d 531, 541-42 (D.C. Cir. 1977) (plaintiff who brought civil action against government for illegal eavesdropping sought discovery of FBI investigatory files; case remanded for application of law enforcement privilege).

-3-

might arise from public disclosure of ... investigatory files." *Raphael v. Aetna Cas. and Surety Co.*, 744 F. Supp. 71, 75 (S.D.N.Y. 1990) (quoting *Black v. Sheraton Corp.*, 564 F.2d at 541). In particular, the privilege serves "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation," *In re Dept. of Investigation*, 856 F.2d at 484, and to "safeguard[] the integrity of on-going civil and criminal investigations." *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988). The law enforcement investigative privilege applies not only to documents and files, but also to deposition testimony, because "[t]he public interest in safeguarding the integrity of ongoing civil and criminal investigations is the same" whether it is documents or testimony that is sought. *Id*. Although courts balance the public interest in non-disclosure against the need of the particular litigant seeking discovery, there is a "pretty strong presumption against lifting the [law enforcement investigative] privilege." *Dellwood Farms*, 128 F.3d at 1125.

In this case, the District Attorney's Office has sent a letter to the defendant insurance company indicating that the investigation into the murder is still open and nobody has been ruled in or out as a suspect. The defendant's attempt to subpoena the investigating officer is based on mere speculation that his investigative files or deposition testimony will yield any information beyond those facts.

**CONCLUSION**

For the reasons stated above, the plaintiff's subpoena to Sergeant Forster should be quashed based on law enforcement investigative privilege.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL


/s/ Susanne G. Reardon
Susanne G. Reardon (BBO No. 561669)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200 ext. 2832

Dated: February 9, 2005


**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

The undersigned counsel certifies that she spoke with counsel for the plaintiff, James Ring, on February 8, 2005 and he agreed to the filing of this motion.  Undersigned counsel also spoke with Joseph Daigle, counsel for the defendant, on February 9, 2005, and we were unable to resolve or narrow the issues.

/s/ Susanne G. Reardon
Assistant Attorney General