UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 16  P 3: 17

U.S. DISTRICT COURT
DISTRICT OF MASS.

XURUI DENG, a/k/a SHERRY YOUNG, )
)
Plaintiff, )
v. ) C.A. NO.: 04-12421JLT
)
METROPOLITAN LIFE INSURANCE )
COMPANY, )
)
Defendant. )

### DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO COMPEL

Defendant, Metropolitan Life Insurance Company ("MetLife"), moves this court to issue an Order compelling the appearance of Sgt. Edward Forster of the Massachusetts State Police at a deposition pursuant to a subpoena served under Federal Rule of Civil Procedure 45. As grounds for this motion, MetLife states:

1. The deposition of the officer involved in the investigation of MetLife's insured's death is necessary for MetLife to determine if the life insurance policy benefits are payable or were possibly the subject or fraud.

2. MetLife served a subpoena for a January 18, 2005 deposition upon Middlesex County Assistant District Attorney Marian Ryan, who was handling the investigation into Mr. Zhang's death and who had informed MetLife's counsel that she was the only person currently working on the investigation.

3. Ms. Ryan failed to appear for the scheduled deposition and did not move to quash. However, she subsequently informed counsel that there was a State Trooper handling the investigation, Sgt. Edward Forster.

4. MetLife promptly noticed the deposition of Trooper Forster to go forward on February 8, 2005.

5. On February 4, 2005, the Massachusetts Attorney General's Office informed MetLife's counsel that the Attorney General's Office planned to oppose MetLife's subpoena of Sgt. Forster and that Sgt. Forster would not appear for the February 8, 2005 deposition.

6. Neither the Attorney General's Office nor the Middlesex County District Attorney's Office filed a Motion to Quash the notice of subpoena before the February 8 deposition date.

7. The Middlesex County District Attorney's Office has set forth insufficient grounds for blocking the depositions and failed to comply with F.R.C.P. 45(d)(2) in identifying the privileged information or communications.

In further support of this Motion, Defendant refers to the Memorandum in Support of the Motion to Compel, filed herewith.

**WHEREFORE**, MetLife requests that the Court issue an Order compelling Trooper Edward Forster to appear for a deposition pursuant to Defendant's subpoena.

## LOCAL RULE 37.1 CERTIFICATE

During the afternoon of February 8, 2005, I conferred with Plaintiff's counsel regarding the subject of this Motion and requested that he consider joining in this Motion. Plaintiff's counsel informed me that he did not believe that joining in the Motion was necessarily in his client's interest.

_____
Joseph R. Daigle

Defendant,

METROPOLITAN LIFE INSURANCE COMPANY,

By Its Attorneys,

_____
James J. Ciapciak (BBO # 552328)
Joseph R. Daigle (BBO # 564203)
CIAPCIAK & ASSOCIATES, P.C.
99 Access Road
Norwood, MA 02062
(781) 255-7401

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served by mail upon Counsel of Record on February 15, 2005.

_____
James J. Ciapciak