UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| XURUI DENG, a/k/a SHERRY YOUNG, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>METROPOLITAN LIFE INSURANCE )<br>COMPANY, )<br>)<br>Defendant. )<br>) | C.A. NO.: 04-12421JLT |

**DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL**

Defendant, Metropolitan Life Insurance Company ("MetLife"), submits this memorandum in support of its Motion for an Order compelling the appearance of Sgt. Edward Forster of the Massachusetts State Police at a deposition pursuant to a subpoena served under Federal Rule of Civil Procedure 45.

**FACTUAL BACKGROUND**

Plaintiff, Xurui Deng ("Ms. Deng" or "Plaintiff"), filed suit against MetLife for the proceeds of an insurance policy on the life of her husband, Shuangi Zhang. Mr. Zhang applied for $400,000 life insurance coverage in 2001 but died before MetLife issued the Policy. However, the Application for Life Insurance included a "Temporary Insurance Agreement" that normally is issued pending underwriting after an applicant submits the Application with payment of one premium payment. When Mr. Zhang died on October 10, 2001, Plaintiff submitted a claim for life benefits in the amount of $400,000 under the Temporary Insurance Agreement.

Mr. Zhang's death has been ruled a homicide. (Upon information and belief, Mr. Zhang was shot and killed while at home.) The investigation is ongoing. The police and the Middlesex County District Attorney's Office have declined to eliminate Ms. Deng as a suspect in her husband's murder. Though this refusal <u>may</u> be the result of the District Attorney's office policy and not an indication of evidence of Ms. Deng's guilt, MetLife is unable to determine without more information whether the Policy at issue is payable. Therefore, MetLife has not paid Plaintiff the benefits under the Policy as a result of unresolved questions relating to Mr. Zhang's death. In turn, Plaintiff has made claims against MetLife in this suit under M.G.L. c. 93A and 176 D for its refusal to pay the benefits under Mr. Zhang's Temporary Insurance Agreement.

At the January 5, 2005 Scheduling Conference in this matter, MetLife informed the Court of its intention to depose the officer in charge of the investigation of Mr. Zhang's death. The Court set a February 25, 2005 deadline for this deposition to go forward.

With Plaintiff's counsel's cooperation, MetLife learned that Middlesex County Assistant District Attorney Marian Ryan was handling the investigation into Mr. Zhang's death. Assistant District Attorney Ryan first informed MetLife's counsel that there was no investigating officer involved with the case and that she was the only person currently working on the investigation. Accordingly, MetLife served a subpoena pursuant to Federal Rule of Civil Procedure 45 on Assistant District Attorney Ryan for her to appear for a deposition on January 18, 2005 and bring with her documents relating to the investigation. (A copy of the subpoena is attached hereto as Exhibit "A.")

Ms. Ryan failed to appear for the scheduled deposition and did not move to quash. However, she subsequently indicated to counsel that there was a State Trooper associated with the investigation, Sgt. Edward Forster.

MetLife promptly noticed the deposition of Trooper Forster to go forward on February 8, 2005. (The subpoena is attached hereto as Exhibit "B.") MetLife also notified the Court by letter dated January 31, 2005 of the difficulties it was having in taking the deposition. (A copy of the letter is attached hereto as Exhibit "C.")

On February 4, 2005, MetLife received a call from Assistant Attorney General Catheryn Neaves, Chief of the Appellate Division of the Massachusetts Attorney General's Office. Assistant Attorney General Neaves informed MetLife's counsel that the Attorney General's Office planned to oppose MetLife's subpoena of Sgt. Forster and that Attorney Susanne Reardon of the District Attorney's Office had been placed in charge of the matter and would contact the parties. On February 4, Assistant Attorney General Neaves faxed a letter to MetLife's counsel confirming that Sgt. Forster would not appear for the February 8, 2005 deposition. (A copy of the letter is attached hereto as Exhibit "D.") The letter inaccurately stated that MetLife had agreed to postpone the deposition when, in fact, Assistant Attorney General Neaves made it clear during the phone conversation that Trooper Forster would not attend the scheduled deposition. Further, there was no discussion about holding the deposition at a later date.

On February 8, 2005, ADA Reardon contacted MetLife's counsel and stated that the District Attorney's office considered the topics and documents identified in MetLife's subpoena, namely any information relating to the investigation of Mr. Zhang's death, to

3

be privileged. However, despite these representations, no Motion to Quash was ever filed and Sgt. Forster did not appear for the deposition.

## ARGUMENT

MetLife served Marian Ryan and Trooper Forster with valid subpoenas for their depositions and for the production of documents in their possession. The Middlesex County District Attorney's Office has prevented either witness from attending despite failing to move to quash before the depositions went forward.

Without testimony from someone associated with the investigation, MetLife cannot assess whether Plaintiff will be charged with acts that would make her ineligible to receive benefits under the Temporary Insurance Agreement. Although the investigators may have little information that will assist MetLife in determining if the benefits are payable, MetLife is obligated to make every reasonable inquiry that may lead to an informed decision.

Should this Court find that a prosecutorial privilege should be applied, the privilege should limit the scope of the deposition, not prohibit it entirely. At the very least, the investigating agency should be compelled to provide "a description of the nature of the documents, communications, or other things not produced sufficient to enable the demanding party to contest the claim." F.R.C.P. 45(d)(2). MetLife also offers to have the file sealed in an effort to keep the information and documents from being made public.

*WHEREFORE*, MetLife requests that the Court issue an Order compelling Trooper Edward Forster to appear for a deposition pursuant to Defendant's subpoena.

## LOCAL RULE 37.1 CERTIFICATE

During the afternoon of February 8, 2005, I conferred with Plaintiff's counsel regarding the subject of this Motion and requested that he consider joining in this Motion. Plaintiff's counsel informed me that he did not believe that joining in the Motion was necessarily in his client's interest.

_____
Joseph R. Daigle

Defendant,

METROPOLITAN LIFE INSURANCE COMPANY,

By Its Attorneys,

_____
James J. Ciapciak (BBO # 552328)
Joseph R. Daigle (BBO # 564203)
CIAPCIAK & ASSOCIATES, P.C.
99 Access Road
Norwood, MA 02062
(781) 255-7401

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served by mail upon Counsel of Record on February 15, 2005.

_____
James J. Ciapciak

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| XURUI DENG, a/k/a SHERRY YOUNG,<br><br>    Plaintiff,<br>v.<br><br>METROPOLITAN LIFE INSURANCE<br>COMPANY (a/k/a METLIFE),<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. NO.: 04-12421JLT<br>)<br>)<br>)<br>)<br>)<br>) |

### SUBPOENA DUCES TECUM

To:   Marian Ryan
      Middlesex County District Attorney's Office
      40 Thorndike Street
      Cambridge, MA 02141

**Greetings:**

YOU ARE HEREBY COMMANDED in the name of the Commonwealth of Massachusetts in accordance with the provisions of Rules 30 and 45 of the Federal Rules of Civil Procedure to appear and testify on behalf of **Defendant Metropolitan Life Insurance Company** before a Notary Public of the Commonwealth, at the office of **CIAPCIAK & ASSOCIATES, P.C.**, Attorney James J. Ciapciak, 99 Access Road, Norwood, Massachusetts on the **18th day of January, 2005** and to bring with you all documents listed in Schedule "A" attached hereto.

HEREOF FAIL NOT AS YOU WILL ANSWER YOUR DEFAULT UNDER THE PAINS AND PENALTIES OF THE LAW.

_____
James J. Ciapciak, BBO No. 552328
Joseph R. Daigle, BBO No. 564203
CIAPCIAK & ASSOCIATES, P.C.
99 Access Road
Norwood, MA 02062
(781) 255-7401

Dated: January 11, 2005

_____
Notary Public
My Commission Expires: 7/12/07

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| XURUI DENG, a/k/a SHERRY YOUNG, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>METROPOLITAN LIFE INSURANCE )<br>COMPANY (a/k/a METLIFE), )<br>)<br>Defendant. )<br>) | C.A. NO.: 04-12421JLT |

*A TRUE COPY ATTEST DAVID D. AYLES, PROCESS SERVER AND DISINTERESTED PERSON*

## SUBPOENA DUCES TECUM

To:  Sgt. Edward Forster
     Middlesex County District Attorney's Office
     40 Thorndike Street
     Cambridge, MA 02141

**Greetings:**

YOU ARE HEREBY COMMANDED in the name of the Commonwealth of Massachusetts in accordance with the provisions of Rules 30 and 45 of the Federal Rules of Civil Procedure to appear and testify on behalf of **Defendant Metropolitan Life Insurance Company** before a Notary Public of the Commonwealth, at the office of **CIAPCIAK & ASSOCIATES, P.C.**, Attorney James J. Ciapciak, 99 Access Road, Norwood, Massachusetts on the **8th day of February, 2005** and to bring with you all documents listed in Schedule "A" attached hereto.

HEREOF FAIL NOT AS YOU WILL ANSWER YOUR DEFAULT UNDER THE PAINS AND PENALTIES OF THE LAW.

James J. Ciapciak, BBO No. 552328
Joseph R. Daigle, BBO No. 564203
CIAPCIAK & ASSOCIATES, P.C.
99 Access Road
Norwood, MA 02062
(781) 255-7401

Dated: January 27, 2005

MAUREEN GRAZIANO
Notary Public
My Commission Expires
7-1-05
Commonwealth of Massachusetts

Notary Public
My Commission Expires:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

XURUI DENG, a/k/a SHERRY YOUNG, )
)
    Plaintiff, )
v. )    C.A. NO.: 04-12421JLT
)
METROPOLITAN LIFE INSURANCE )
COMPANY (a/k/a METLIFE), )
)
    Defendant. )

## NOTICE OF DEPOSITION

TO:    James F. Ring
          Chu, Ring & Hazel, LLP
          49 Melcher Street
          Boston, MA 02210

**PLEASE TAKE NOTICE** that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Defendant Metropolitan Life Insurance Company will take the deposition of **EDWARD FORSTER**, commencing at 10:00 a.m. on February 8, 2005, at the offices of Ciapciak & Associates, P.C., 99 Access Road, Norwood, MA 02062 before an officer authorized by law to administer oaths. The deposition will continue from day to day until completed. The topics to be discussed are detailed in Schedule "A," attached.

Furthermore, Sgt. Forster will be commanded to bring with him to the deposition those items listed in Schedule "B" attached hereto.

Defendant,

Metropolitan Life Insurance Co.,

By Its Attorney,

James J. Ciapciak (BBO#552328)
Ciapciak & Associates, P.C.
99 Access Road
Norwood, MA 02062
(781) 255-7401

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served on all counsel of record on January 27, 2005 via first class mail, postage prepaid.

James J. Ciapciak

JANUARY 31, 2005

## *QUICKSERV*
### ALLSTATE PROCESS SERVERS

## RETURN OF SERVICE

*I this day summoned the within named*  SGT. EDWARD FORSTER
MIDDLESEX COUNTY
D.A.'S OFFICE

*to appear as within directed by delivering to*  TROOPER WILLIAM DONOHUE, FRONT DESK, 10:55 AM

**X**  *in hand, or*
*leaving at last and usual place of abode, to wit:*

*No.*  40 THORNDIKE STREET
*in the* CAMBRIDGE  *District of said* MIDDLESEX  *County an attested copy of the subpoena together with*  $ 50  *fees for attendance and travel*

| | | |
|---|---|---|
| *Service and travel* | 28 | *it being necessary I actually used a motor vehicle in the distance of* 10 *miles in the service of this process* |
| *Paid Witness* | 50 | |

*Barry Bernard*
Process Server

**CIAPCIAK**
**&**
**ASSOCIATES, P. C.**
ATTORNEYS AT LAW

99 Access Road
Norwood, MA 02062
Tel (781) 255-7401
Fax (781) 255-7402

BOSTON, MA OFFICE
(617) 951-2727

RHODE ISLAND OFFICE
(401) 996-7401

January 31, 2005

Judge Tauro's Clerk
United States District Court
District of Massachusetts
1 Court House Way
595 Main Street
Boston, MA 02210

    RE:    Xurui Deng, a/k/a/ Sherry Young v.
               Metropolitan Life Insurance Company
               USDC Massachusetts
               C.A. No. 04-12421JLT

Dear Judge Tauro:

       This firm represents MetLife. At the January 5, 2005 Status Conference, the Court granted MetLife's request to take the deposition of the officer who investigated the death of MetLife's insured. MetLife contacted the Middlesex County District Attorney's office in order to determine the identity of the investigating officer. Assistant District Attorney Marian Ryan at first informed MetLife's counsel that there was no investigating officer on the case, and that she was in charge of any investigation into the death of Shuangi Zhang.

       MetLife served Assistant District Attorney with a subpoena, but she failed to object or appear on the schedule date of her deposition, January 18, 2005. However, shortly thereafter, Assistant District Attorney Ryan informed the parties that there was in fact an investigating officer involved with the case, Sergeant Ed Forster. MetLife has noticed the deposition of Sergeant Forster to go forward on February 8, 2005.

       Although there is does not appear to be any obstacles to deposing Sergeant Forster before the February 28, 2005 deadline set by the Court, MetLife's counsel believes that, should there be any further delays in completing the deposition, it may be necessary to seek an extension from the Court, hopefully without having to move the March 15, 2005 Scheduling Conference.


January 31, 2005
Page 2 of 2

Thank you for your attention to this matter.

Very truly yours,

*James J. Ciapciak*

cc: James F. Ring, Esquire



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

February 4, 2005

<u>VIA TELECOPIER (781) 255-7402</u>

Joseph R. Daigle, Esq.
Ciapciak & Associates, P.C.
99 Access Road
Norwood, MA  02062

RE:   Xurui Deng, a/k/a Sherry Young v. Metropolitan Life Ins. Co.
      <u>USDC Civil Action No. 04-12421-JLT</u>

Dear Mr. Daigle:

   I write to confirm that, in accordance with our telephone conversation this afternoon, you have agreed to postpone the deposition of Sgt. Edward Forster, currently scheduled for Tuesday, February 8, 2005 at 10:00 A.M., in order that we may determine the appropriate course to take in this matter.

   As we discussed, I have assigned this case to Susanne Reardon, an assistant attorney general in the Appellate Division. She will contact you next week to discuss this matter further.

Very truly yours,

Cathryn A. Neaves
Assistant Attorney General
Criminal Bureau