UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 MAR -2  P 1: 13

U.S. DISTRICT COURT
DISTRICT OF MASS

XURUI DENG, a/k/a SHERRY YOUNG, )
)
Plaintiff, )
v. )    C.A. NO.: 04-12421JLT
)
METROPOLITAN LIFE INSURANCE )
COMPANY, )
)
Defendant. )

## ASSENTED TO MOTION FOR LEAVE
## TO FILE A REPLY BRIEF

Metropolitan Life Insurance Company seeks leave of court to file the attached Reply Brief in reply to Plaintiff's Opposition to the Motion to Compel.

As grounds for this motion, MetLife states that it wishes to address issues that will assist the Court in ruling on the motion.

Plaintiff has indicated his assent to the filing of a Reply Brief by MetLife, but he notes that the Assent is only for filing of a brief, not to any content of the Brief.

*Wherefore*, MetLife moves for an Order granting it leave to file the attached Reply Brief.

| | |
|---|---|
| XURUI DENG<br>A/k/a SHERRY YOUNG<br>By Her Attorney,<br><br>/s/ Jim Ring<br>James F. Ring (#542369)<br>Chu, Ring & Hazel LLP<br>49 Melcher Street<br>Boston, MA 02210<br>(617) 443-9800<br>Fax (617) 443-9840 | METROPOLITAN LIFE<br>INSURANCE CO.,<br>By Its Attorney,<br><br>/s/ James J. Ciapciak<br>James J. Ciapciak (#552328)<br>Ciapciak & Associates, P.C.<br>99 Access Road<br>Norwood, MA 02062<br>(781) 255-7401<br>Fax (781) 255-7402 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served upon Counsel of Record on March 1, 2005.

/s/ James J. Ciapciak

## LOCAL RULE 7.1 CERTIFICATE OF CONSULTATION

I hereby certify that on March 1, 2005, we conferred with opposing counsel in an attempt to narrow the issues presented by the underlying Motion.

/s/ James J. Ciapciak

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                    )
XURUI DENG, a/k/a SHERRY YOUNG,     )
                                    )
        Plaintiff,                  )
v.                                  )    C.A. NO.: 04-12421JLT
                                    )
METROPOLITAN LIFE INSURANCE         )
COMPANY,                            )
                                    )
        Defendant.                  )
                                    )
```

FILED
IN CLERKS OFFICE
2005 MAR -2  P 1: 13
U.S. DISTRICT COURT
DISTRICT OF MASS

## METROPOLITAN LIFE INSURANCE COMPANY'S
## REPLY BRIEF REGARDING THE MOTION TO COMPEL

Metropolitan Life Insurance Company ("MetLife") submits this Reply Brief in support of its Motion for an Order compelling the appearance of Sgt. Edward Forster to briefly clarify what Plaintiff omitted from her Opposition.

Plaintiff, in her Opposition, suggests that MetLife did nothing in response to her claim to the proceeds of the policy (which was never issued as the Plaintiff's husband was murdered before it could issue) so that it could use the proceeds for it own enjoyment. This is a gross mischaracterization of the facts.

Upon receiving the claim for the proceeds of the Temporary Insurance Agreement, which is all she is entitled to because the policy never issued, MetLife inquired and discovered that Plaintiff's husband was murdered shortly after he applied for a life insurance policy. MetLife also was told that Plaintiff was a suspect (this was confirmed in the papers file by the ADA in which it is asserted that Plaintiff has not been ruled out as a suspect). MetLife immediately tried to determine whether Plaintiff was a

suspect only because she was the wife of a person who was murdered, or whether there was more evidence to suggest that she may actually be the prime suspect. It goes without saying that the claim will be denied should it be revealed that Plaintiff committed the murder of her husband. The only evidence that MetLife could obtain from authorities is that Plaintiff's husband was murdered shortly after he applied for life insurance, and that the authorities would release nothing more as to whether Plaintiff was a prime suspect.

Ultimately, Plaintiff sued MetLife for the proceeds, and MetLife continues to assert that without being able to determine if there was fraud, and with the authorities refusing to rule out Plaintiff as a suspect and refusing to release any further evidence, it cannot pay out on the Temporary Insurance Agreement.

It was agreed at the Conference before this Court that MetLife would take the deposition of the investigating detective and, if there appears there was no fraud, then it would interplead the money into the Court. However, when the Assistant District Attorney refused to appear and did not file a motion to quash, MetLife filed a motion to compel the deposition.

Plaintiff did not oppose the deposition before, but now all of the sudden cries foul that MetLife is pursuing the matter to determine if there was fraud or whether the Plaintiff is a prime suspect. On one hand, Plaintiff says MetLife did nothing, and on the other, she now says MetLife is doing too much.

Further, Plaintiff asserts that MetLife has "elected to simply hold onto the use of the policy money…", and that is simply false. Plaintiff's counsel used this phrase in the Opposition Brief knowing that MetLife has not converted the funds and that MetLife intended to interplead the funds under the Temporary Insurance Agreement if the

2

deposition revealed no fraud or that she is not a prime suspect in the murder of her husband. MetLife has not used these funds, and that is well known.

Mr. Zhang's death has been ruled a homicide. Mr. Zhang was shot and killed while at home shortly after applying for life insurance. This is not the run of the mill claim, and Plaintiff is aware that she is a suspect in the murder, as the police and the Middlesex County District Attorney's Office have declined to eliminate her as a suspect in her husband's murder.

**It is very clear to everyone that MetLife is unable to determine without more information whether the Policy at issue is payable and that is why the parties agreed and the Court allowed MetLife time to take the deposition**. At the January 5, 2005 Scheduling Conference in this matter, MetLife informed the Court of its intention to depose the officer in charge of the investigation of Mr. Zhang's death. The Court set a February 25, 2005 deadline for this deposition to go forward. Only now, Plaintiff issues a long, detailed brief alleging that MetLife has done nothing, has ignored the claim, and is seeking the deposition in bad faith. How can the parties agree to the deposition and then later, one party claims that the other is pursuing it in bad faith?

As Plaintiff knows, without testimony from someone associated with the investigation, MetLife cannot assess whether Plaintiff will be charged with acts that would make her ineligible to receive benefits under the Temporary Insurance Agreement. Knowing this, Plaintiff all of the sudden seeks to prevent the deposition from going forward. These actions by Plaintiff are *suspect*.

Further, Plaintiff did not respond to MetLife's offer to seal the record. MetLife offered in its motion:

3

Should this Court find that a prosecutorial privilege should be applied, the privilege should limit the scope of the deposition, not prohibit it entirely. At the very least, the investigating agency should be compelled to provide "a description of the nature of the documents, communications, or other things not produced sufficient to enable the demanding party to contest the claim." F.R.C.P. 45(d)(2). MetLife also offers to have the file sealed in an effort to keep the information and documents from being made public.

Plaintiff failed to address this offer entirely in her brief, and the District Attorney's office also has not indicated whether this might be acceptable. No one seems to object to sealing the file and testimony, and MetLife suggests that the Court allow the deposition and seal it.

*WHEREFORE*, MetLife requests that the Court issue an Order compelling Trooper Edward Forster to appear for a deposition pursuant to Defendant's subpoena.

Defendant,

METROPOLITAN LIFE INSURANCE COMPANY,

By Its Attorneys,

James J. Ciapciak (BBO # 552328)
CIAPCIAK & ASSOCIATES, P.C.
99 Access Road
Norwood, MA 02062
(781) 255-7401

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served by mail upon Counsel of Record on March 1, 2005.

James J. Ciapciak