**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

)
XURUI DENG, a/k/a SHERRY YOUNG,    )
)
    Plaintiff,    )
)
v.    )    C.A. NO.: 04-12421JLT
)
METROPOLITAN LIFE INSURANCE    )
COMPANY,    )
)
    Defendant.    )
_____)

## DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO COMPEL

Defendant, Metropolitan Life Insurance Company ("MetLife"), moves this Court

for an Order compelling compliance with the Court's March 15, 2005 Order requiring

Assistant Attorney General Susanne Reardon to submit an affidavit from Sgt. Edward

Forster ("Sgt. Forster") of the Massachusetts State Police. In the alternative, MetLife

respectfully requests this Honorable Court to order the deposition of Sgt. Forster, which

could take place under seal to protect the investigation privilege. A proposed Order of

the Court is attached for the Court's reference.

As grounds for this motion, MetLife states:

1.    At the Court Conference held on March 15, 2005, it was agreed that an

        affidavit from Sgt. Forster would be accepted instead of his deposition.

        Specific statements were to be affied to by Sgt. Forster, which were

        discussed on the Record.

2.      After the March 15, 2005, Conference, the Court issued its Order which
        provided, *inter alia*, that "[a]s discussed in open court, Assistant Attorney
        General Susanne G. Reardon shall submit the affidavit of Sergeant
        Edward Forster by March 29, 2005." See Exhibit "A" attached hereto.

3.      An Affidavit of Sergeant Edward Forster, dated March 29, 2005, was
        produced by Assistant Attorney General Reardon. However, the
        statements (especially paragraphs 2 through 4) in the Affidavit did not
        comport with the statements promised on the Record during the March
        15, 2005 Court Conference. In fact, the affidavit, as crafted, raised new
        issues. A copy is attached hereto as Exhibit "B."

4.      The discrepancy between the statements made in the Affidavit of
        Sergeant Edward Forster and those that were promised at the Conference
        were discussed during an April 20, 2005 teleconference between
        Assistant Attorney General Reardon, Attorney Ring and counsel for
        MetLife. Assistant Attorney General Reardon appeared to agree that the
        Affidavit provided was not what was suggested in Court. She agreed to
        ask for another Affidavit, but Sgt. Forster refused. See Affidavit of James
        J. Ciapciak, attached hereto as Exhibit "C."

5.      During the April 20, 2005 teleconference (and by letter dated the same
        day), counsel offered to resolve the mater through a revised affidavit that
        would include the language promised during the March 15, 2005 Court
        Conference. The revision requested by MetLife was simple and
        straightforward. The revised affidavit would state "…that there is no hard

2

evidence regarding Ms. Deng in the criminal investigation into her

husband's demise, other than the fact that she was married to the deceased

and that she appears to be a beneficiary of a temporary life insurance

agreement...." See attached Exhibit "D." That offer was considered by

Assistant Attorney General Reardon, but rejected by Sgt. Forster. See

attached Exhibit "E."

6.     To date, the affidavit, as discussed during the Court Conference and

subsequently Ordered by the Court, has not been provided.

7.     In the alternative, if the Court so Orders, MetLife would be willing to take

the deposition of Sgt. Forster under seal and without Plaintiff being

present, but with her counsel present.

In further support of this Motion, Defendant refers to the Memorandum in

Support of the Motion to Compel, filed herewith.

**WHEREFORE**, MetLife requests that the Court issue an Order compelling the

affidavit of Sgt. Forster as promised on the record during the March 15, 2005 Conference

or, in the alternative, compelling Sgt. Forster to appear at a deposition, which will be held

under seal.

3

## **LOCAL RULE 37.1 CERTIFICATE**

MetLife's counsel met via teleconference with Assistant Attorney General

Reardon and Plaintiff's counsel James Ring and discussed the inadequacy of the

Affidavit of Sergeant Edward Forster. The provisions of Local Rule 37.1 have been

complied with.

_____
James J. Ciapciak

Defendant,

METROPOLITAN LIFE INSURANCE
COMPANY,

By Its Attorneys,

_____
James J. Ciapciak (BBO # 552328)
CIAPCIAK & ASSOCIATES, P.C.
99 Access Road
Norwood, MA 02062
(781) 255-7401

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing document was
served by mail upon Counsel of Record on May 7, 2005.

_____
James J. Ciapciak

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| XURUI DENG, a/k/a SHERRY YOUNG, | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 04-12421-JLT |
| v. | * | |
| | * | |
| METROPOLITAN LIFE INSURANCE | * | |
| COMPANY, | * | |
| Defendant. | * | |

## ORDER

March 15, 2005

TAURO, J.

After the Conference held on March 15, 2005, this court hereby orders that:

1.  As discussed in open court, Assistant Attorney General Susanne G. Reardon shall

    submit the affidavit of Sergeant Edward Forster by March 29, 2005;

2.  Plaintiff may take a Rule 30(b)(6) deposition of Defendant by April 29, 2005;

3.  Motion to Quash Deposition Subpoena Served on Sergeant Edward Forster [#12]

    is ALLOWED AS MOOT;

4.  Defendant Metropolitan Life Insurance Company's Motion to Compel [#14] is

    DENIED AS MOOT;

5.  Defendant Metropolitan Life Insurance Company's Assented to Motion to Extend

    the Deadline to Conduct a Deposition [#17] is DENIED AS MOOT; and

6.  A Further Conference is scheduled for May 19, 2005 at 12:00 p.m.

IT IS SO ORDERED.

/s/ Joseph L. Tauro
United States District Judge

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| XURUI DENG, a/k/a | ) |
| SHERRY YOUNG, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 04-12421-JLT |
|  | ) |
| METROPOLITAN LIFE | ) |
| INSURANCE COMPANY | ) |
| Defendant. | ) |

## AFFIDAVIT OF SERGEANT EDWARD FORSTER

I, Edward Forster, a sergeant in the Massachusetts State Police detective unit assigned to the Middlesex District Attorney's Office hereby state the following is true and accurate:

1.  I am the lead investigator in the murder of Shuangi Zhang, which occurred on October 10, 2001 at his home.

2.  Zhang's wife, Xurui Deng, the plaintiff in the above captioned matter, is in the pool of suspects.

3.  Ms. Deng initially answered questions in the course of my investigation, but at some point she became less cooperative in responding to my inquiries.

4.  At this time, I do not have sufficient evidence to charge Ms. Deng, but she has not been ruled out as a suspect and the investigation remains open.

SIGNED THIS $\underline{29}$ DAY OF March, 2005, UNDER THE PAINS AND PENALTIES OF PERJURY.

Sgt Edward Forster

Sergeant Edward Forster
MA State Police Detective Unit
Middlesex District Attorney's Office
(617) 679-6500

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| XURUI DENG, a/k/a SHERRY YOUNG, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **C.A. NO.: 04-12421JLT** |
| ) | |
| **METROPOLITAN LIFE INSURANCE** ) | |
| **COMPANY (a/k/a METLIFE),** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## AFFIDAVIT OF JAMES J. CIAPCIAK

I, James J. Ciapciak, have been first duly sworn do hereby depose and say:

1.  I am the president of Ciapciak and Associates, P.C., am an attorney in good standing, and the attorney of record for Metropolitan Life Insurance Company ("MetLife") in the above captioned matter.

2.  I represented MetLife at the Court Conference on March 15, 2005.

3.  At the Court Conference, Sgt. Forster's failure to appear at his deposition was discussed. Alternatives to his appearance at a deposition were also discussed. The parties agreed and the Court Ordered that Sgt. Forster would be allowed to submit an affidavit instead of appearing for his deposition.

4.  The parties discussed, on the Record, the content of Sgt. Forster's affidavit. According to my notes, the Affidavit was to include statements that there was no hard evidence implicating Ms. Deng in the criminal investigation into her husband's murder other than the fact that she was married to the deceased and that she was a beneficiary of a temporary life insurance agreement.

5.  The Affidavit of Sergeant Forster, dated March 29, 2005, which was produced by Assistant Attorney General Reardon, does not contain what was discussed at the Court Conference according to my notes.

6.  I discussed the discrepancy between the statements promised on the Record and those actually made in the Affidavit of Sergeant Forster with Assistant Attorney General Reardon and Attorney Ring during a teleconference on April 20, 2005. I requested that a revised affidavit be produced and signed by Sgt. Forster.

Assistant Attorney General Reardon agreed to ask Sgt. Forster to sign a revised affidavit. Sergeant Forster refused to sign a revised affidavit.

**SIGNED UNDER THE PENALTIES OF PERJURY.**

_____
James J. Ciapciak

Notary Public
My commission expires: 7/1·05

**MAUREEN GRAZIANO**
Notary Public
My Commission Expires
7-1-05
Commonwealth of Massachusetts

# EXHIBIT D

CIAPCIAK
&
ASSOCIATES, P. C.

ATTORNEYS AT LAW

99 Access Road
Norwood, MA 02062
Tel (781) 255-7401
Fax (781) 255-7402

BOSTON, MA OFFICE
(617) 951-2727

RHODE ISLAND OFFICE
(401) 996-7401

April 20, 2005

Susanne G. Reardon
Attorney General's Office
One Ashburton Place
18th Floor
Boston, MA 02108

Re.     Xurui Deng a/k/a Sherry Young v. MetLife
        United States District Court for the District of Massachusetts,
        Civil Action No. 04-CV-12421-JLT

Dear Ms. Reardon:

This will serve to confirm our conference call with Attorney Ring this morning regarding the Affidavit of Sgt. Forster dated March 29, 2005. As we discussed, the language contained in paragraphs 2-4 of the Affidavit of Sgt. Forester does not confirm with our notes of what was promised at the Court Conference.

However, as we discussed, an affidavit which states simply that there is no hard evidence regarding Ms. Deng in the criminal investigation into her husband's demise, other than the fact that she was married to the deceased and that she appears to be a beneficiary of a temporary life insurance agreement, would indeed resolve this matter.

Finally, if we cannot procure an affidavit, we will be forced to move the Court to review the file, sealed, in camera, and/or seek a deposition (which of course, we would agree to do under seal to protect the prosecutorial privilege.)

Very truly yours,

James J. Ciapciak

cc:     James F. Ring

# EXHIBIT E



THE COMMONWEALTH OF MASSACHUSETTS

OFFICE OF THE ATTORNEY GENERAL

ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

April 26, 2005

VIA FACSIMILE AND FIRST CLASS MAIL

James Ciapciak, Esq.
Ciapciak & Associates, P.C.
99 Access Road
Norwood, MA 02062

> Re:    Xurui Deng v. Metropolitan Life Insurance Co.
>         Civil Action No. 04-12421-JLT

Dear Mr. Ciapciak:

After having considered our conversation of April 20, 2005, I have decided that I will not procure any further affidavits from Sergeant Forster related to the above case. His affidavit dated March 29, 2005 was a good faith effort to give you further information about why the plaintiff is still a suspect in the homicide investigation without revealing any information covered by the investigatory privilege. Asking him to write another affidavit which characterizes what evidence may or may not be in his files is beyond what I am willing to do. If you intend to go forward with this discovery and seek to compel Sergeant Forster's deposition testimony, I will file an opposition based on the same privileges I raised in the previous motion to quash.

Sincerely,

Susanne Reardon

Susanne Reardon
Assistant Attorney General
Criminal Bureau
(617) 727-2200, ext. 2832

cc:    James Ring, Esq.