UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| XURUI DENG, a/k/a SHERRY YOUNG,<br><br>    Plaintiff,<br>v.<br><br>METROPOLITAN LIFE INSURANCE<br>COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)   C.A. NO.: 04-12421JLT<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S
MEMORANDUM IN SUPPORT OF THE MOTION TO COMPEL**

Defendant, Metropolitan Life Insurance Company ("MetLife"), submits this memorandum in support of its Motion for an Order compelling compliance with the Court's March 15, 2005 Order requiring submission of an affidavit by Sgt. Edward Forster ("Sgt. Forster") of the Massachusetts State Police.

**FACTUAL BACKGROUND**

Plaintiff, Xurui Deng ("Plaintiff"), filed suit against MetLife seeking the proceeds of an insurance policy applied for on the life of her husband, Shuangxi Zhang. Mr. Zhang applied for $400,000 life insurance coverage in 2001 but died before the Policy could issue. However, the Application for Life Insurance included a "Temporary Insurance Agreement" that normally is issued pending underwriting if an applicant submits the Application with payment of one premium payment. When Mr. Zhang died on October 10, 2001, Plaintiff submitted a claim for life benefits in the amount of $400,000 under the Temporary Insurance Agreement.

As part of the discovery process, MetLife properly noticed the deposition of the lead investigator in the matter of Mr. Zhang's murder, Sgt. Edward Forster. MetLife's counsel was contacted by telephone by Assistant Attorney General Catheryn Neaves, Chief of the Appellate Division of the Massachusetts Attorney General's Office. Assistant Attorney General Neaves informed MetLife's counsel that the Attorney General's Office would oppose the deposition of Sgt. Forster. However, no effort was made by any party to quash the deposition subpoena before the deposition date. Sgt. Forster did not appear at the February 8, 2005 deposition.

A Conference was held on March 15, 2005. At the Conference, the issue of Sgt. Forster's deposition was addressed. The Court ordered that Assistant Attorney General Reardon was to obtain and produce an affidavit from Sgt. Forster. The Court's Order specifically noted that the affidavit was to be submitted "[a]s discussed in open court."

The Affidavit of Sergeant Edward Forster, dated March 29, 2005, was produced to the parties by Assistant Attorney General Reardon. The Affidavit did not conform to the promised statements made during the March 15, 2005 Conference.

## ARGUMENT

The Court's Order of March 15, 2005 was clear and unambiguous. Assistant Attorney General Reardon was to submit an affidavit that included the promised statements made during the Conference. The Affidavit of Sergeant Edward Forster that was produced did not include the statements discussed in Court and, thus, does not satisfy the dictates of the Court's Order.

MetLife has made a very reasonable request to resolve this discovery dispute. MetLife's counsel had a teleconference with Plaintiff's counsel and Assistant Attorney

General Reardon on April 20, 2005. During this teleconference MetLife's counsel offered to accept a revised affidavit that included statements to the effect that "there is no hard evidence regarding Ms. Deng in the criminal investigation into her husband's demise, other then the fact that she was married to the deceased and that she appears to be a beneficiary of a temporary life insurance agreement." See Exhibit "A" attached hereto. This reasonable offer to settle this discovery dispute was considered by Assistant Attorney General Reardon, but was rejected by Sgt. Forster. See letter from Attorney Reardon to Attorney Ciapciak, dated April 26, 2005, attached as Exhibit "B." Therefore, the parties were not able to resolve this discovery dispute.

MetLife seeks a further order of this Court directing Assistant Attorney General Reardon to produced an Affidavit that complies with the Court's March 15, 2005 Order and with the Parties' discussions during the Conference.

In the alternative, MetLife requests the Court compel Sgt. Forster to attend a deposition. The deposition of Sgt. Forster can be held under seal so as to eliminate any privilege issues that may be implicated. Further, Plaintiff can be prohibited from attended, although her counsel would be allowed to attend. As the deposition would be under seal, Plaintiff's counsel should be barred from disclosing the information from the deposition to his client.

**WHEREFORE**, MetLife requests that the Court issue an Order compelling Assistant Attorney General Reardon to revise the Affidavit of Sergeant Edward Forster to include the statements promised during the March 15, 2005 Conference. Alternatively,

MetLife requests an order compelling Sgt. Forster to appear for a deposition.

                                          Defendant,

                                          METROPOLITAN LIFE INSURANCE COMPANY,

                                          By Its Attorneys,

                                          _____
                                          James J. Ciapciak (BBO # 552328)
                                          CIAPCIAK & ASSOCIATES, P.C.
                                          99 Access Road
                                          Norwood, MA 02062
                                          (781) 255-7401

## CERTIFICATE OF SERVICE

     I hereby certify that a true and accurate copy of the foregoing document was served by mail upon Counsel of Record on May __, 2005.

                                          _____
                                          James J. Ciapciak

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| XURUI DENG, a/k/a SHERRY YOUNG,<br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE<br>COMPANY,<br>Defendant. | *<br>*<br>*   Civil Action No. 04-12421-JLT<br>*<br>*<br>*<br>*<br>* |

ORDER

March 15, 2005

TAURO, J.

After the Conference held on March 15, 2005, this court hereby orders that:

1. As discussed in open court, Assistant Attorney General Susanne G. Reardon shall submit the affidavit of Sergeant Edward Forster by March 29, 2005;

2. Plaintiff may take a Rule 30(b)(6) deposition of Defendant by April 29, 2005;

3. Motion to Quash Deposition Subpoena Served on Sergeant Edward Forster [#12] is ALLOWED AS MOOT;

4. Defendant Metropolitan Life Insurance Company's Motion to Compel [#14] is DENIED AS MOOT;

5. Defendant Metropolitan Life Insurance Company's Assented to Motion to Extend the Deadline to Conduct a Deposition [#17] is DENIED AS MOOT; and

6. A Further Conference is scheduled for May 19, 2005 at 12:00 p.m.

IT IS SO ORDERED.

/s/ Joseph L. Tauro
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| XURUI DENG, a/k/a<br>SHERRY YOUNG,<br>　　　　Plaintiff,<br>v.<br><br>METROPOLITAN LIFE<br>INSURANCE COMPANY<br>　　　　Defendant. | Civil Action No. 04-12421-JLT |

### AFFIDAVIT OF SERGEANT EDWARD FORSTER

I, Edward Forster, a sergeant in the Massachusetts State Police detective unit assigned to the Middlesex District Attorney's Office hereby state the following is true and accurate:

1. I am the lead investigator in the murder of Shuangi Zhang, which occurred on October 10, 2001 at his home.

2. Zhang's wife, Xurui Deng, the plaintiff in the above captioned matter, is in the pool of suspects.

3. Ms. Deng initially answered questions in the course of my investigation, but at some point she became less cooperative in responding to my inquiries.

4. At this time, I do not have sufficient evidence to charge Ms. Deng, but she has not been ruled out as a suspect and the investigation remains open.

SIGNED THIS 29 DAY OF March, 2005, UNDER THE PAINS AND PENALTIES OF PERJURY.

*Sgt Edward Forster*
Sergeant Edward Forster
MA State Police Detective Unit
Middlesex District Attorney's Office
(617) 679-6500

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| XURUI DENG, a/k/a SHERRY YOUNG, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>METROPOLITAN LIFE INSURANCE )<br>COMPANY (a/k/a METLIFE), )<br>)<br>Defendant. )<br>) | C.A. NO.: 04-12421JLT |

## AFFIDAVIT OF JAMES J. CIAPCIAK

I, James J. Ciapciak, have been first duly sworn do hereby depose and say:

1. I am the president of Ciapciak and Associates, P.C., am an attorney in good standing, and the attorney of record for Metropolitan Life Insurance Company ("MetLife") in the above captioned matter.

2. I represented MetLife at the Court Conference on March 15, 2005.

3. At the Court Conference, Sgt. Forster's failure to appear at his deposition was discussed. Alternatives to his appearance at a deposition were also discussed. The parties agreed and the Court Ordered that Sgt. Forster would be allowed to submit an affidavit instead of appearing for his deposition.

4. The parties discussed, on the Record, the content of Sgt. Forster's affidavit. According to my notes, the Affidavit was to include statements that there was no hard evidence implicating Ms. Deng in the criminal investigation into her husband's murder other than the fact that she was married to the deceased and that she was a beneficiary of a temporary life insurance agreement.

5. The Affidavit of Sergeant Forster, dated March 29, 2005, which was produced by Assistant Attorney General Reardon, does not contain what was discussed at the Court Conference according to my notes.

6. I discussed the discrepancy between the statements promised on the Record and those actually made in the Affidavit of Sergeant Forster with Assistant Attorney General Reardon and Attorney Ring during a teleconference on April 20, 2005. I requested that a revised affidavit be produced and signed by Sgt. Forster.

Assistant Attorney General Reardon agreed to ask Sgt. Forster to sign a revised affidavit. Sergeant Forster refused to sign a revised affidavit.

**SIGNED UNDER THE PENALTIES OF PERJURY.**

_____
James J. Ciapciak

_____
Notary Public
My commission expires: 7/1/05

**MAUREEN GRAZIANO**
Notary Public
My Commission Expires
7-1-05
Commonwealth of Massachusetts

**CIAPCIAK**
**&**
**ASSOCIATES, P. C.**
ATTORNEYS AT LAW

99 Access Road
Norwood, MA 02062
Tel (781) 255-7401
Fax (781) 255-7402

BOSTON, MA OFFICE
(617) 951-2727

RHODE ISLAND OFFICE
(401) 996-7401

April 20, 2005

Susanne G. Reardon
Attorney General's Office
One Ashburton Place
18th Floor
Boston, MA 02108

    Re:    Xurui Deng a/k/a Sherry Young v. MetLife
            United States District Court for the District of Massachusetts,
            Civil Action No. 04-CV-12421-JLT

Dear Ms. Reardon:

       This will serve to confirm our conference call with Attorney Ring this morning regarding the Affidavit of Sgt. Forster dated March 29, 2005. As we discussed, the language contained in paragraphs 2-4 of the Affidavit of Sgt. Forester does not confirm with our notes of what was promised at the Court Conference.

       However, as we discussed, an affidavit which states simply that there is no hard evidence regarding Ms. Deng in the criminal investigation into her husband's demise, other than the fact that she was married to the deceased and that she appears to be a beneficiary of a temporary life insurance agreement, would indeed resolve this matter.

       Finally, if we cannot procure an affidavit, we will be forced to move the Court to review the file, sealed, in camera, and/or seek a deposition (which of course, we would agree to do under seal to protect the prosecutorial privilege.)

                                            Very truly yours,

                                           James J. Ciapciak

cc:    James F. Ring



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

April 26, 2005

VIA FACSIMILE AND FIRST CLASS MAIL

James Ciapciak, Esq.
Ciapciak & Associates, P.C.
99 Access Road
Norwood, MA 02062

Re: Xurui Deng v. Metropolitan Life Insurance Co.
Civil Action No. 04-12421-JLT

Dear Mr. Ciapciak:

After having considered our conversation of April 20, 2005, I have decided that I will not procure any further affidavits from Sergeant Forster related to the above case. His affidavit dated March 29, 2005 was a good faith effort to give you further information about why the plaintiff is still a suspect in the homicide investigation without revealing any information covered by the investigatory privilege. Asking him to write another affidavit which characterizes what evidence may or may not be in his files is beyond what I am willing to do. If you intend to go forward with this discovery and seek to compel Sergeant Forster's deposition testimony, I will file an opposition based on the same privileges I raised in the previous motion to quash.

Sincerely,

Susanne Reardon
Assistant Attorney General
Criminal Bureau
(617) 727-2200, ext. 2832

cc: James Ring, Esq.